Stephen D. Sexton, Plaintiff in Error, v. Michael Harrold, Defendant in Error.

(Not to be reported in full.)

Error to the Circuit Court of St. Clair county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed June 18, 1917.

## Statement of the Case.

Action by Stephen D. Sexton, plaintiff, against Michael Harrold, defendant, to recover the sum of $7,500, as commissions claimed to be due him for the sale of corporate stock owned by the latter. From a judgment for defendant, plaintiff brings error.

C. E. POPE, for plaintiff in error.

DAN McGLYNN, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. MASTER AND SERVANT, § 84*—*when evidence insufficient to show relation.* In an action to recover commissions for the sale of shares of stock, where plaintiff contended that he was employed by the defendant in the presence of two employees of plaintiff, and where the defendant denied the employment, and the two employees were not produced as witnesses, *held* that the burden was on plaintiff to prove his employment by a preponderance of the evidence, and that the verdict in favor of the defendant was supported by the evidence and should be affirmed.

2. MASTER AND SERVANT, § 82*—*when letters relative to removal of friction between stockholders of corporation are admissible.* In an action to recover commissions for the sale of shares of stock where plaintiff himself owned some of the stock, and there had been

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

friction between the stockholders which caused the sale in question to be made, and defendant claimed that plaintiff's action was purely voluntary and in accord with a plan of settlement, and complained of the admission of certain letters in evidence which had reference to the removal of the friction between the stockholders, *held* that as the letters tended to show the relations existing between the parties, and in view of the claim that plaintiff acted voluntarily, the letters were properly admitted.

3. APPEAL AND ERROR, § 1537*—*when repetition of instructions is not material.* While it is not good practice to give as many as five instructions on the question of the preponderance of the evidence, it is not material error to do so.